# **EXHIBIT B**

7/30/2021 7:46 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55849463
By: D Burton
Filed: 7/30/2021 7:46 AM

No. _____

| | | |
|---|---|---|
| MARGARITA DE ALMONTE, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FIESTA MART, L.L.C. | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

### ORIGINAL PETITION OF PLAINTIFF MARGARITA DE ALMONTE AGAINST DEFENDANT FIESTA MART, L.L.C.

Plaintiff Margarita de Almonte ("Plaintiff" or "Ms. de Almonte") files her Original Petition against Defendant Fiesta Mart, L.L.C. ("Defendant" or "Fiesta Mart") as follows:

### I.    DISCOVERY

1.    Plaintiff intends to conduct discovery under Level 3 of TEX. R. CIV. P. 190.

### II.    NATURE OF ACTION

2.    Plaintiff brings negligence, including premises liability, causes of action in this suit. Because of Defendant's negligence, Plaintiff suffered personal injuries on or about November 3, 2019.

### III.    PARTIES

3.    Plaintiff Margarita de Almonte is an individual that resides in Harris County, Texas.

4.    Defendant Fiesta Mart, L.L.C. is a domestic limited liability company, organized under the laws of Texas, and operating a business for profit in the State of Texas

at 4711 Airline Drive, Houston, Texas 77022, among other locations, and may be served with process by serving its registered agent for service of process, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found.

## IV.    JURISDICTION AND VENUE

5.      Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas.

6.      This Court has subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional amount of this Court.

## V.    FACTUAL BACKGROUND

7.      On or about November 3, 2019, Ms. de Almonte was shopping at the Fiesta Store No. 11, located on or about 4711 Airline Drive, in or near Houston, Texas 77022 (the "Premises"). At that time, Ms. de Almonte was in the shampoo and soap aisle of the Premises. At that time, there was a puddle of a clear, slippery substance on the floor in the aisle where Ms. de Almonte was shopping (the "Condition"). There were no warning signs regarding the Condition.  As a result of the Condition Ms. de Almonte fell and suffered severe injuries as a result (the "Incident").

8.      At all times relevant to the allegations contained herein, and more particularly on or about November 3, 2019, Defendant possessed the Premises, which included the Condition where Ms. de Almonte was injured, exercising control thereon.

## VI.   CAUSES OF ACTION: NEGLIGENCE (PREMISES LIABILITY)

9.      On the day of the Incident, Ms. de Almonte was shopping for groceries at the Premises and was therefore an invitee on the Premises. Upon information and belief, Defendant, at all relevant times, was the possessor of the Premises, exercising control over the Premises and having the right to manage, direct, superintend, and oversee the Premises. The Condition posed an unreasonable risk of harm to customers such as Ms. de Almonte. Defendant knew about or reasonably should have known about this danger; through its own presence on its Premises and near the Condition, Defendant had actual or constructive knowledge of the danger posed by the Condition.  Defendant breached its duty of ordinary care by failing to use reasonable care to adequately warn Ms. de Almonte about the Condition or make the Condition reasonably safe.

10.     The Defendant owed a duty of ordinary care to Ms. de Almonte and breached that duty through its acts and omissions, including, but not limited to, the following:

(a)     creating the unreasonably dangerous Condition and failing to adequately warn Ms. de Almonte about this Condition;

(b)     failing to make the Condition reasonably safe;

(c)     failing to adequately inspect for safety the area on the Premises where the Condition was;

(d)     failing to develop and adopt proper safety rules and regulations regarding the conditions such as the Condition, in order to avoid injury to customers;

(e)     failing to implement, abide by, and enforce existing safety rules and regulations regarding conditions such as the Condition, in order to avoid injury to customers;

(f)     failing to develop and institute proper rules, regulations, plans, and

methods for the proper clearing or removal of and adequate warning of conditions such as the Condition, so as to avoid injury to customers;

(g)     failing to implement, abide by, and enforce existing safety rules, regulations, plans, and methods for the proper clearing or removal of and for adequate warnings regarding conditions such as the Condition so as to avoid injury to customers;

(h)     failing to adopt and implement adequate training for employees with regard to proper clearing or removal of and adequately warning about conditions such as the Condition so as to avoid injury to customers;

(i)      failing to adopt and implement adequate training for employees with regard to maintaining a reasonably safe Premises with regard to conditions such as the Condition;

(j)      failing to take adequate precautions to prevent injuries like those sustained by Ms. de Almonte.

11.     The above also constitute premises defects.

12.     Defendant's breach of its duties proximately caused Ms. de Almonte to sustain severe personal injuries.

### VII.   CAUSATION AND DAMAGES

13.     Plaintiff incorporates all factual allegations made above.

14.     As a proximate result of Defendant's negligent acts and/or omissions, Ms. de Almonte has suffered in the past and will continue to suffer in the future: physical pain, mental anguish, physical impairment, medical expenses, loss of earning capacity, disfigurement, and all other elements of damages to which Plaintiff may show herself to be entitled under the law.

15.     Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## VIII.  CONDITIONS PRECEDENT

16.     All conditions precedent to suit, if any, have taken place.

## IX.    ALTERNATIVE PLEADINGS

17.     To the extent facts and/or causes of action pled in this pleading are in conflict, they are pled in the alternative.

## X.    JURY DEMAND

18.     Plaintiff demands a trial by jury on all of her claims, the jury fee having been deposited with the Clerk of the Court.

## XI.    RULE 193.7 DISCLOSURE

19.     Pursuant to TEX. R. CIV. P. 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII.    PRAYER

20.     Plaintiff prays that judgment be entered against Defendant for:

    a.     actual compensatory damages, including but not limited to:

        (1) physical pain in the past and future;

        (2) mental anguish in the past and future;

        (3) physical impairment in the past and future;

        (4) medical expenses in the past and future; and

        (5) loss of earning capacity in the past and future;

        (6) disfigurement in the past and future;

b.    all costs of court expended herein;

c.    pre-judgment and post-judgment interest at the maximum rate
      allowed by law; and

d.    all other relief to which Plaintiff is justly entitled.

Respectfully submitted,

THE DE LA GARZA LAW GROUP

By: */s/ Mario E. de la Garza*
    Mario E. de la Garza
    State Bar No. 24040785
    mdelagarza@dlgtriallaw.com
    Whitfield D. Logan
    State Bar No. 24120977
    wlogan@dlgtriallaw.com
    1616 S. Voss, Suite 870
    Houston, Texas 77057
    (713) 784-1010
    (713) 784-1011 (fax)

ATTORNEYS FOR PLAINTIFF

8/30/2021 9:45 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56764583
By: Tiffany Jefferson
Filed: 8/30/2021 9:45 AM

CAUSE NO. 2021-46360

| | | |
|---|---|---|
| MARGARITA DE ALMONTE | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| FIESTA MART, LLC | § | |
| Defendant. | § | 61ST JUDICIAL DISTRICT |

## DEFENDANT FIESTA MART, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FIESTA MART, LLC, files this Original Answer to Plaintiff's Original Petition and in support thereof, would respectfully show the Court the following:

### I.   General Denial

1.      Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II.   Affirmative Defenses

2.      Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3.      Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4.      Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

1

5.      Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6.      Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7.      To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8.      Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.   Prayer

FOR THESE REASONS, Defendant FIESTA MART, LLC respectfully prays that the Court enter a judgment that:

1.      Dismisses all claims against Defendant FIESTA MART, LLC and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2.      Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant' judgment against Plaintiff include the following:

  a.   Costs of suit; and

2

    b.  Such other and further relief, general and special, at law or in equity, to which

Defendant may be justly entitled.

                        Respectfully submitted,
                        MEHAFFYWEBER, P.C.

                        <u>By:*/s/Maryalyce W. Cox*</u>
                        Maryalyce W. Cox
                        State Bar No. 24009203
                        Hannah M. Owens
                        State Bar No. 24084330
                        One Allen Center
                        500 Dallas, Suite 2800
                        Houston, Texas  77002
                        Telephone  - (713) 655-1200
                        Telecopier  - (713) 655-0222
                        maryalycecox@mehaffyweber.com

                        ATTORNEY FOR DEFENDANT
                        FIESTA MART, LLC.

## <u>CERTIFICATE OF SERVICE</u>

    This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on August 30, 2021, pursuant to the Texas Rules of Civil Procedure.

                        <u>*Maryalyce W. Cox*</u>
                        Maryalyce W. Cox

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Qiana Moore on behalf of Maryalyce Cox
Bar No. 24009203
QianaMoore@MehaffyWeber.com
Envelope ID: 56764583
Status as of 8/30/2021 9:53 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Maryalyce Cox | | MaryalyceCox@MehaffyWeber.com | 8/30/2021 9:45:11 AM | SENT |
| Carmen Garcia | | edocket@mehaffyweber.com | 8/30/2021 9:45:11 AM | SENT |
| Qiana Moore | | QianaMoore@MehaffyWeber.com | 8/30/2021 9:45:11 AM | SENT |
| Hannah MarieOwens | | hannahowens@mehaffyweber.com | 8/30/2021 9:45:11 AM | SENT |
| Mario Ernesto De La Garza | 24040785 | mdelagarza@dlgtriallaw.com | 8/30/2021 9:45:11 AM | SENT |
| Whitfield Logan | 24120977 | wlogan@dlgtriallaw.com | 8/30/2021 9:45:11 AM | SENT |